COURT OF APPEALS
DECISION
DATED AND FILED

January 18, 2023

Sheila T. Reiff
Clerk of Court of Appeals

**NOTICE**

This opinion is subject to further editing. If published, the official version will appear in the bound volume of the Official Reports.

A party may file with the Supreme Court a petition to review an adverse decision by the Court of Appeals. *See* WIS. STAT. § 808.10 and RULE 809.62.

**Appeal No. 2020AP2113-CR**

**STATE OF WISCONSIN**

Cir. Ct. No. 2018CF1074

**IN COURT OF APPEALS
DISTRICT III**

---

STATE OF WISCONSIN,

   PLAINTIFF-RESPONDENT,

 V.

JASON D. KLUCK,

   DEFENDANT-APPELLANT.

---

APPEAL from a judgment of the circuit court for Marathon County: GREGORY J. STRASSER, Judge. *Affirmed*.

Before Stark, P.J., Hruz and Gill, JJ.

**Per curiam opinions may not be cited in any court of this state as precedent or authority, except for the limited purposes specified in WIS. STAT. RULE 809.23(3).**

¶1   PER CURIAM.  Jason Kluck appeals from a judgment convicting him of operating a motor vehicle with a restricted controlled substance in his

blood, as a fourth offense. The sole issue on appeal is whether an informant's tip was sufficiently reliable to provide reasonable suspicion for police to conduct Kluck's traffic stop. We conclude that the specificity of the information provided by the informant and its corroboration support its reliability. Therefore, the circuit court properly denied Kluck's motion to suppress evidence gathered following the traffic stop, and we affirm the judgment of conviction.

## BACKGROUND

¶2 The following facts from the suppression hearing are undisputed. While on patrol on the afternoon of September 20, 2018, Officer Edward Bauknecht of the Rothschild Police Department responded to a dispatch call regarding a complaint of erratic driving. Dispatch relayed that a "named caller" reported that a white Ford Ranger pickup truck was proceeding southbound on West Grand Avenue near the 19th Hole Tavern when it "crossed the centerline" and was being "driv[en] on the sidewalk for a short time." The caller provided the truck's license plate number and stated that it continued southbound on Grand Avenue until it reached Business Highway 51. The caller then reported that the truck pulled into the Shopko Plaza parking lot.

¶3 Within minutes of receiving the dispatch call, Bauknecht observed the described truck driving through the Shopko Plaza parking lot. Bauknecht and another responding squad car activated their lights and stopped the truck. Bauknecht did not personally observe any "bad" driving and did not have any further information about the caller's identity or from where he or she was calling. Based upon these facts, the circuit court denied Kluck's suppression motion. Kluck appeals.

**DISCUSSION**

¶4     When reviewing a motion to suppress evidence, we will uphold the circuit court's findings of fact unless they are clearly erroneous. WIS. STAT. § 805.17(2) (2019-20); *State v. Hindsley*, 2000 WI App 130, ¶22, 237 Wis. 2d 358, 614 N.W.2d 48. However, we will independently determine whether the facts found by the circuit court satisfy applicable constitutional provisions. *Hindsley*, 237 Wis. 2d 358, ¶22.

¶5     It is constitutionally permissible for a law enforcement officer to briefly detain an individual for investigative questioning when there exists a reasonable suspicion, based upon specific and articulable facts together with rational inferences drawn from those facts, that criminal activity may be afoot and that action would be appropriate. *Terry v. Ohio*, 392 U.S. 1, 21-22 (1968). For an informant's tip to justify an investigative stop, the tip "should exhibit reasonable indicia of reliability." *State v. Rutzinski*, 2001 WI 22, ¶18, 241 Wis. 2d 729, 623 N.W.2d 516. In assessing the reliability of a tip, a court should take into account both the informant's veracity and basis of knowledge. *Id.*

¶6     In addition, where the allegations in the tip suggest an imminent threat to public safety, it may be reasonable for an officer to conclude that the potential for danger caused by a delay in immediate action justifies stopping the suspect without any further observation. *Id.*, ¶26. "Thus, exigency can in some circumstances supplement the reliability of an informant's tip in order to form the basis for an investigative stop." *Id.*

¶7     Here, the fact that law enforcement officers located a truck matching the description given by the caller (including the license plate number) in the place contemporaneously identified by the caller partially corroborated the tip, and

3

therefore supported the caller's veracity. Furthermore, although the caller did not specify the basis for his or her knowledge, it would be fair to infer from the nature of the information provided—particularly the license plate number and the distance over which the observations were reported—that the caller was in another vehicle following the truck. At a minimum, the caller must have been in close proximity to the truck. Finally, the report that the truck had been driven up onto the sidewalk suggested an imminent threat to public safety from an impaired driver.

¶8 Kluck contends that we should treat the caller as an anonymous informant because dispatch did not provide Bauknecht with the caller's name. Even if the caller were anonymous, the partial corroboration showing veracity, specificity demonstrating a basis for knowledge, and exigency of the tip provided sufficient indicia of reliability to support the reasonable suspicion determination. Under these circumstances, and applying *Rutzinski*, we conclude that the circuit court properly denied the suppression motion.

*By the Court.*—Judgment affirmed.

This opinion will not be published. *See* WIS. STAT. RULE 809.23(1)(b)5. (2019-20).